UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PM-INTERNATIONAL AG, | Case No. 22-mc-80290-SVK |
| Plaintiff, | **ORDER ON APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |
| v. | |
| META PLATFORMS, INC., | |
| Defendant. | Re: Dkt. No. 1 |

Before the Court is the application of PM-International AG ("Applicant") for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Meta Platforms, Inc. ("Meta"). Dkt. 1. Applicant is a Japanese corporation that sells and imports health foods and cosmetics in Tokyo, Japan. Dkt. 1-2 (Declaration of Misa Nakamura) ¶ 2. Applicant requests permission to subpoena information relating to the Instagram account of a user who posted negative comments about Applicant on Instagram. Dkt. 1 at 2. Applicant alleges that these statements are actionable as reputational torts and criminal defamation under Japanese law. *Id.* at 3; Dkt. 1-3 (Declaration of Akio Noguchi) ¶¶ 7-14.

Meta filed a response to the application. Dkt. 8. Applicant and Meta have consented to the jurisdiction of a magistrate judge. Dkt. 3, 10. The Court **GRANTS** Applicant's section 1782 application for the reasons and on the conditions discussed below.

## I. BACKGROUND

Since April 3, 2020, an individual using the Instagram account "ambrosiana02" has posted hundreds of posts, most of which concern Applicant. Dkt. 1 at 2; Dkt. 1-1 (Declaration of Seiji Kato) ¶ 4; Nakamura Decl. ¶¶ 5-7 and Exs. 1-7. Applicant states that it "suspects" that the Instagram account holder is a particular person who is a former member of Applicant but has been unable to confirm the account holder's true identity. Dkt. 1 at 2; Nakamura Decl. ¶¶ 8-10.

1   Applicant asserts that it intends to bring a civil lawsuit and file a criminal complaint in Japan

2   against the person who posted these comments about Applicant on Instagram as soon as the

3   identity of the individual is ascertained.  Kato Decl. ¶ 7; Noguchi Decl. ¶ 6; *see also* Nakamura

4   Decl. ¶ 11.  As a result, Applicant seeks discovery of the account holder's identity by subpoena to

5   Meta.

6   **II.      LEGAL STANDARD**

7        A district court may order the production of documents or testimony for use in a foreign

8   legal proceeding under 28 U.S.C. § 1782 as long as the disclosure would not violate a legal

9   privilege.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249

10  (2004).  An applicant may invoke the statute where (1) the discovery is sought from a person

11  residing in the district of the court to which the application is made; (2) the discovery is for use in

12  a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

13  an "interested person."  28 U.S.C. § 1782(a).

14       A district court is not required to grant an application that meets the statutory criteria, but

15  instead retains discretion to determine what discovery, if any, should be permitted.  *Intel*, 542 U.S.

16  at 264.  Several factors guide the Court's decision on a section 1782(a) request:

17       (1) whether "the person from whom discovery is sought is a participant in the foreign

18           proceeding;"

19       (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad,

20           and the receptivity of the foreign government or the court or agency abroad to U.S.

21           federal-court judicial assistance;"

22       (3) whether the request "conceals an attempt to circumvent foreign proof-gathering

23           restrictions or other policies of a foreign country or the United States;" and

24       (4) whether the discovery requested is "unduly intrusive or burdensome."

25  *Id.* at 264–65.  The party seeking discovery need not establish that the information sought would

26  be discoverable under the governing law in the foreign proceeding or that United States law would

27  allow discovery in an analogous domestic proceeding.  *Id.* at 247, 261–63.

28       A district court's discretion is guided by the twin aims of section 1782:  providing efficient

United States District Court
Northern District of California

2

1   assistance to participants in international litigation and encouraging foreign countries by example

2   to provide similar assistance to our courts.  *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376

3   F.3d 79, 84 (2d Cir. 2004).

4         Applications made under 28 U.S.C. § 1782 have typically been considered on an *ex parte*

5   basis, since "parties will be given adequate notice of any discovery taken pursuant to the request

6   and will then have the opportunity to move to quash the discovery or to participate in it."  *IPCom*

7   *GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic*

8   *of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15,

9   2010)) (internal quotation marks omitted).  The Ninth Circuit has recently clarified that such

10   applications are dispositive, and the consent of all parties to magistrate judge jurisdiction is

11   therefore required.  *CPC Patent Techs. Ltd. v. Apple, Inc.*, 34 F.4th 801, 808 (9th Cir. 2022).

12   Nevertheless, "orders granting § 1782 applications typically only provide that discovery is

13   'authorized,' and thus the opposing party may still raise objections and exercise its due process

14   rights by challenging the discovery after it is issued via a motion to quash."  *In re Ex Parte*

15   *Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at

16   *2 (N.D. Cal. Mar. 24, 2016).

17         Unless the district court orders otherwise, the discovery authorized by the court must be

18   obtained in accordance with the Federal Rules of Civil Procedure.  28 U.S.C. § 1782(a); *In re*

19   *Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th

20   Cir. 1994).

21   **III.**     **DISCUSSION**

22       **A.**    **Statutory Requirements**

23         The application satisfies the statutory requirements of section 1782(a).  First, the subpoena

24   seeks discovery from Meta, which is located in this District.  Noguchi Decl. ¶ 5 and Ex. 1.

25   Second, Applicant requests this discovery for use in legal proceedings that it intends to file in

26   Japan once it learns the identity of the Instagram account user responsible for the relevant

27   postings.  Kato Decl. ¶ 7; Noguchi Decl. ¶ 6; *see also* Nakamura Decl. ¶ 11.  These proceedings

28   before a foreign tribunal appears to be within reasonable contemplation.  *See Intel*, 542 U.S. at 259

United States District Court
Northern District of California

(adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation).  Third, Applicant, as the putative plaintiff in the contemplated civil action and the party intending to make a criminal complaint, is an interested person within the meaning of the statute.

### B.   *Intel* Factors

Although the application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

### 1.  Participation of Target in the Foreign Proceeding

The first factor considers whether the person from whom discovery is sought is a party to the foreign proceeding.  *Intel*, 542 U.S. at 247.  However, "the key issue is whether the material is obtainable through the foreign proceeding."  *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotation marks and citation omitted).

According to the application, Meta will not be a party to the civil action or criminal complaint Applicant plans to bring in Japan.  Noguchi Decl. ¶ 17.  The documents Applicant seeks by subpoena are located in the United States, and Applicant contends that the evidence is thus outside the reach of a Japanese court's jurisdiction.  *See id.*  Under these circumstances, the Court finds that there is a need for assistance pursuant to section 1782, so this factor weighs in favor of permitting discovery

### 2.  Receptivity of Foreign Tribunal to U.S. Judicial Assistance

This factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."  *Intel*, 542 U.S. at 264.  "This factor focuses on whether the foreign tribunal is willing to consider the information sought."  *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.  "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved."  *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)).  Courts have denied requests for discovery where the foreign tribunal or government expressly states it does not

United States District Court
Northern District of California

1   want the assistance of a United States federal court under section 1782.  *See, e.g., Schmitz*, 376

2   F.3d at 84-85 (affirming denial of section 1782 request where German government expressly

3   objected to the information sought due to concerns it would jeopardize an ongoing German

4   criminal investigation, as well as German sovereign rights); *In re Ex Parte App. Of Qualcomm*

5   *Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed

6   heavily against discovery where Korean Fair Trade Commission filed an amicus brief stating it

7   had no need or use for requested discovery).

8          Here, Applicant represents that Japanese courts have been receptive in other matters to

9   assistance in discovery from the United States.  Noguchi Decl. ¶ 19.  In the absence of evidence

10  that Japanese courts would object to Applicant's discovery of the information sought in the

11  subpoena, or that Japanese courts object more generally to the judicial assistance of United States

12  federal courts, the Court finds that this factor weighs in favor of authorizing service of the

13  subpoena.

14                  **3.      Circumvention of Proof-Gathering Restrictions**

15         This Court must next consider whether Applicant's request for discovery "conceals an

16  attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or

17  the United States."  *Intel*, 542 U.S. at 265.  "A perception that an applicant has side-stepped less-

18  than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's

19  analysis."  *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (citation omitted).  Courts have found

20  that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant]

21  is attempting to circumvent foreign proof-gathering restrictions."  *In re Google, Inc.*, No. 14-mc-

22  80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural*

23  *Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

24         Applicant supports the application with the declaration of Akio Noguchi, an attorney

25  registered to practice law in Japan.  Noguchi Decl. ¶ 1.  Mr. Noguchi states that he is aware of no

26  restrictions or policies under Japanese law that would limit the gathering of the evidence Applicant

27  seeks here.  *Id.* ¶¶ 18, 20.  In the absence of contrary information regarding the procedures

28  acceptable to a Japanese court for identifying the Meta account holder, the Court concludes that

1   this factor also weighs in favor of discovery.

2                    **3.  Unduly Burdensome or Intrusive Discovery**

3          Under the final factor, the Court considers whether the discovery sought is "unduly

4   intrusive or burdensome."  *Intel*, 542 U.S. at 265.  Request Nos. 1-2 in Applicant's proposed

5   subpoena to Meta seek the following categories of documents with regard to the Instagram

6   account at issue (defined in the proposed subpoena as "ACCOUNT 1"):

7

8          **REQUEST FOR PRODUCTION NO. 1.** DOCUMENTS sufficient to show
            the following information ever registered with ACCOUNT 1:
9          (i) ALL names, addresses, e-mail addresses, and telephone numbers;
            (ii) ALL names and addresses of ALL credit cards registered to ACCOUNT 1
10             (but not the credit card number, expiration date, or card validation code);
               and,
11         (iii) ALL names, addresses, e-mail addresses, telephone numbers, and names of
               the payment methods (such as PayPal), for ALL non-credit card payment
12             methods registered to ACCOUNT 1.

13         **REQUEST FOR PRODUCTION NO. 2.** DOCUMENTS sufficient to show
            the following information for the three-month period immediately preceding
14         October 28, 2022 and until the date that you respond to this request: ALL
            access log (IP addresses, corresponding port numbers, corresponding dates
15         and times, and corresponding destination IP addresses) of ACCOUNT 1.

16

17  Ex. A to Dkt. 1.

18         Applicant does not state whether the information it seeks is confidential to the account

19  user(s) at issue, but the Court assumes that it is.  The Court finds under the circumstances of this

20  case that Applicant has attempted to narrowly tailor the subpoena to seek only sufficient

21  information to identify the users of the Instagram account at issue.  The subpoena seeks the access

22  logs for the relevant account only for the period of three months before the present application was

23  filed until Meta responds, and Applicant has demonstrated why the access logs during that time

24  period are relevant and necessary, as well as why the access logs close in time to when the reviews

25  were posted would not be sufficient.  Dkt. 1 at 10-11; Noguchi Decl. ¶¶ 21-25.  Also, the subpoena

26  appropriately does not seek the content of any communications associated with the accounts at

27  issue.  *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. C 12-80242 EJD

28  (PSG), 2013 WL 256771, at *2-3 (Jan. 23, 2013) (discussing prohibitions of the Stored

United States District Court
Northern District of California

1    Communications Act, 18 U.S.C. § 2701 *et seq.*).  Further, the subpoena seeks only the names and

2    addresses of the person(s) whose credit card is associated with the Meta account at issue and does

3    not seek disclosure of credit card numbers or any other sensitive information.  *See In re Med.*

4    *Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019)

5    (limiting a subpoena for account-user credit card information to the card holder's name and

6    address).

7            In Meta's response to the application, it states that it "does not oppose issuance of the

8    subpoena, but it reserves all rights and objections with respect to the subpoena, including the right

9    to move to quash."  Dkt. 8 at 2.  Meta requests that any order granting the application expressly

10   require Meta to give notice of the subpoena and order to the identified Instagram account holder

11   and also provide Meta and the account holder 30 days from the date of service of the subpoena and

12   order to file a motion to quash or modify the subpoena.  *Id.* at 2-3.

13           Accordingly, subject to the requirements discussed below, the Court will permit Applicant

14   to serve the proposed subpoena on Meta.

15   **IV.    CONCLUSION**

16           The application meets the statutory criteria for an order authorizing service of the proposed

17   subpoena.  In addition, the factors that inform the Court's exercise of its discretion under *Intel*

18   favor authorizing service of the subpoena proposed by Applicant.

19           Accordingly, the Court authorizes service of the proposed subpoena on Meta.  This order

20   does not foreclose a motion to quash or modify the subpoena by Meta following service or by the

21   Meta account user(s) whose identifying information is sought, and the Court orders Applicant to

22   comply with the following requirements to ensure all interested persons have an opportunity to

23   contest the subpoena if they wish:

24      1. At the time of service of the subpoena, Applicant must also serve a copy of this order on

25         Meta.

26      2. Within 10 calendar days of service of the subpoena and this order, Meta shall notify the

27         account user(s) that their identifying information is sought by Applicant and shall serve a

28         copy of this order on each account user.

United States District Court
Northern District of California

7

3. Meta and/or each account user whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).

4. If any party contests the subpoena, Meta shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest.

5. Any information Applicant obtains pursuant to the subpoena may be used only for purposes of the anticipated action in Japan, and Applicant may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

   **SO ORDERED.**

Dated: December 6, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge